IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

RICHARD WARREN LAYMAN,       )
TDCJ No. 872077,             )
        Plaintiff,          )
                            )   Civil No. 7:12-CV-018-O
v.                           )
                            )
ALVARO CHACON, *et al.*,     )
        Defendants.         )

MEMORANDUM OPINION AND ORDER

    This is a civil rights action filed by an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. Plaintiff alleges that Defendants unlawfully retaliated against him for filing grievances, denied him access to the courts, denied him the right to exercise his religion, and destroyed his legal and religious materials. Complaint ¶¶ IV & V; Supplemental Complaint pp. 1-2. Plaintiff seeks injunctive relief and monetary damages. Complaint ¶ VI; Supplemental Complaint p. 3.

Retaliation

    Plaintiff alleges that his legal and religious materials were confiscated and destroyed by Defendants for purposes of retaliation after he complained and filed grievances related to the taking of his property. Complaint ¶ VI; Supplemental Complaint p. 2.

    State officials may not retaliate against an inmate for the exercise of a constitutionally protected right. *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986). In order to show retaliation an inmate "must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise

of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods*, 60 F.3d at 1166). This places a significant burden on the inmate. Mere conclusory allegations are insufficient to state a claim. *Woods*, 60 F.3d at 1166; *Richardson v. McDonnell,* 841 F.2d 120, 122-23 (5th Cir. 1988). The inmate must produce direct evidence of motivation or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166 (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)). Trial courts are required to carefully scrutinize civil rights actions based on claims of retaliation as those claims "must [] be regarded with skepticism." *Id.* (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). A plaintiff's bare assertion of retaliation, without any supporting facts, is insufficient to state a claim under 42 U.S.C. § 1983. *See Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995) (prisoner must show more than a "personal belief" to establish retaliation).

Although he was afforded ample opportunity to state the facts underlying his complaint, Layman has failed to allege facts which could show that, but for a retaliatory motive, the taking of his legal and religious materials would not have occurred. *See* Plaintiff's Answers to the Court's Questions No. 1 & 2. Layman's allegations of retaliation are conclusory in nature and, as such, fail to state a claim under the Civil Rights Act. Conclusory allegations and legal conclusions masquerading as factual allegations are insufficient to state a cognizable claim under the Civil Rights Act when a plaintiff is directed by a court to state the factual basis of a claim. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to

dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under § 1983). Plaintiff's subjective belief that Defendants had retaliatory motives is insufficient to maintain this action. Layman has failed to state facts which could demonstrate that, but for a retaliatory motive, the actions of Defendants Chacon and Thornton would not have taken place.

Access to the Courts

Plaintiff alleges that the taking of his legal materials by Defendants result in a denial of access to the Courts. Complaint ¶ VI; Supplemental Complaint p. 1.

Prisoners have a constitutional right of adequate and meaningful access to the courts. *E.g., Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817, 821-23 (1977); *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998). However, their right of access is not unlimited. "[I]t encompasses only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'" *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997) (quoting *Lewis*, 518 U.S. at 356). In order to establish a claim for denial of access to the courts, a prisoner must demonstrate that he suffered some "actual injury." *See Lewis*, 518 U.S. at 351-52 (holding that actual injury is a constitutional prerequisite to maintaining a claim involving denial of access to the courts). This, in turn, requires proof that the denial of access "hindered [the inmate's] efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351; *see also McDonald*, 132 F.3d at 231 (noting that, in order to prevail on a claim of denial of access to the courts, an inmate must demonstrate that his position as a litigant was prejudiced).

Plaintiff was given the opportunity to expound on the factual allegations of his complaint by way of questionnaire.[1] However, he failed to allege any facts which could indicate that he suffered prejudice in any legal proceeding as a result of the Defendants' alleged actions. *See* Plaintiff's Answers to the Court's Questions No. 3-8. Plaintiff cannot prevail on this claim.

<u>Free Exercise of Religion</u>

Next, Plaintiff alleges that Defendants denied him the right to the free exercise of his religion when they confiscated his religious materials. *See* Plaintiff's Answers to the Court's Questions No. 9-11.

Although incarcerated, an inmate retains his First Amendment right to the free exercise of religion, subject to reasonable restrictions and limitations necessitated by penological goals. *E.g., Turner v. Safley*, 482 U.S. 78, 89-91 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349-50 (1987); *Powell v. Estelle*, 959 F.2d 22, 25-26 (5th Cir. 1992). To fall within the purview of the free exercise clause of the First Amendment, a religious claim must satisfy the following two criteria: "First, the claimant's proffered belief must be sincerely held; the First Amendment does not extend to 'so-called religions which ... are obviously shams and absurdities and whose members are patently devoid of religious sincerity.'" *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981) (quoting *Theriault v. Carlson*, 495 F.2d 390, 395 (5th Cir. 1974)). Second, "the claim must be rooted in religious belief, not in 'purely secular' philosophical concerns." *Id.* (citing *Wisconsin v. Yoder*, 406 U.S. 205, 215-16 (1972)). Thus, only practices associated with sincerely held religious beliefs

---

[1] The Court has the power to pierce the veil of a *pro se* plaintiff's allegations and dismiss those claims whose factual contentions are clearly baseless. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). Although *in forma pauperis* complaints are to be construed liberally, the Court is bound by the allegations of the complaint and is not free to speculate that a plaintiff might be able to state a claim if given yet another opportunity to add more facts. *Id.*

require accommodation by prison officials. *See e.g., U.S. v. Daly*, 756 F.2d 1076, 1081 (5th Cir. 1985) (citing *United States v. Ballard*, 322 U.S. 78, 86-88 (1944) and *United States v. Seeger*, 380 U.S. 163, 184 (1965)); *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994), *supplemented*, 65 F.3d 148 (9th Cir. 1995); *Mosier v. Maynard*, 937 F.2d 1521, 1526 (10th Cir. 1991). Unfortunately, the realities of prison life dictate that even religious practices associated with sincerely held religious beliefs may be limited "in order to achieve legitimate correctional goals or to maintain prison security." *O'Lone*, 482 U.S. at 348.

To establish a free exercise violation, an inmate must demonstrate that prison officials prevented him from engaging in his religious conduct without any justification related to legitimate penological concerns. *Turner*, 482 U.S. at 89. In reviewing such claims, the Court considers the following factors: (1) whether there is a rational connection between the prison regulation and the claimed penological goal; (2) whether alternative means of exercising the right in question remain open to inmates; (3) the impact of accommodation on guards, other inmates and prison resources in general, and; (4) whether there is an absence of ready alternatives which would evince the reasonableness of a regulation or the existence of reasonable alternatives which would evince the unreasonableness of a regulation. *Id.* at 89-90. In evaluating prison rules that impinge on religious practices, the Court must accord wide deference to prison officials' decisions in light of the need to preserve internal order and security unless there is substantial evidence to indicate that prison administrators have exaggerated their response to such considerations. *See id.*

Plaintiff's sole claim is that some of his religious materials were taken by Defendants. Complaint ¶ V. He makes no other claim that he was denied his right to freely exercise his religion. Layman states that he was informed that his religious materials were confiscated because they were

improperly stored. *See* Plaintiff's Answers to the Court's Questions No. 10. The responses to Plaintiff's prison grievances, attached to his original complaint, indicate that the religious materials were taken due to Plaintiff's improper storage. The response to Plaintiff's Step 2 grievances further indicates that Plaintiff was charged with and found guilty of unauthorized storage of property. Plaintiff was informed that he could request "subsequent storage" for the materials after 90 days had passed. *See* Grievances, Attached to Plaintiff's Original Complaint.

Plaintiff cannot prevail on this claim. Restrictions on an inmate's storage space for legal and religious property are reasonably related to legitimate penological interests. *Johnson v. Texas Bd. of Criminal Justice*, slip op. at 1, 2008 WL 5069357 (5th Cir. Dec. 2, 2008); *Carrio v. Texas Dep't of Criminal Justice, Institutional Div.*, 196 Fed. Appx. 266, 2006 WL 2460882 (5th Cir. Aug. 23, 2006). Because Plaintiff makes no claim that he was otherwise denied the right to freely exercise his religion, he cannot prevail on this claim.

## Destruction of Property

Plaintiff claims that his personal property was confiscated and destroyed by Defendants. He has filed a supplemental complaint in which he now seeks monetary damages to replace the property allegedly destroyed. Plaintiff's Supplemental Complaint p. 3.

The United States Supreme Court has held that the "unauthorized, intentional deprivation of property" does not constitute a civil rights violation if there exists a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *accord Nickens v. Melton*, 38 F.3d 183, 184-85 (5th Cir. 1994); *see also Holloway v. Walker*, 790 F.2d 1170, 1174 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortious conduct, as long as the state system as a whole provides due process

of law). Under the circumstances of the instant case, Plaintiff has the state common-law action of conversion available to remedy his alleged deprivation of property. *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Myers v. Adams*, 728 S.W.2d 771 (Tex. 1987). Conversion occurs when there is an unauthorized and unlawful exercise of dominion and control over the property of another which is inconsistent with the rights of the owner. *Armstrong v. Benavides*, 180 S.W.3d 359, 363 (Tex. App. – Dallas 2005, *no writ*); *Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App. -- San Antonio 1978, *no writ*). If Defendants exercised unauthorized and unlawful control over Plaintiff's personal property, he has a factual basis to allege a cause of action in conversion. Such a common-law action in state court would be sufficient to meet constitutional due process requirements. *Groves v. Cox*, 559 F. Supp. 772, 773 (E.D. Va. 1983).

## Summary

Layman was given the opportunity to expound on the factual allegations of his complaint by way of questionnaire. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal as frivolous is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint). However, he failed to allege any facts which could indicate that his constitutional rights were violated. Conclusory allegations and legal conclusions masquerading as factual allegations are insufficient to state a cognizable claim under the Civil Rights Act when a plaintiff is directed by a court to state the factual basis of a claim. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a

motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under § 1983).

The Court may dismiss a complaint filed by an inmate proceeding *in forma pauperis* if the Court determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is "based on indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. The claims set forth in the case at bar have no arguable basis under federal law.

For the foregoing reasons it is ORDERED that Plaintiff's complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

SO ORDERED this 11th day of April, 2014.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**